T.C. Summary Opinion 2015-18

UNITED STATES TAX COURT

ADIATU M. JALLOH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11891-12S.                    Filed March 9, 2015.

Adiatu M. Jalloh, pro se.

<u>Andrew K. Glover</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986 as amended, in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency (notice) dated February 15, 2012, respondent determined deficiencies in petitioner's Federal income tax as follows:

| Year | Deficiency |
|------|------------|
| 2008 | $8,571 |
| 2009 | 3,233 |

The issues for decision for each year are: (1) whether petitioner is entitled to a deduction for unreimbursed employee business expenses; and (2) whether petitioner is entitled to a charitable contribution deduction for donations made in cash and/or property in excess of the amount now allowed by respondent.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Maryland.

During the years in issue petitioner was employed as a nurse by three hospitals. She worked in the emergency room for one, in cardiac surgery for another, and in home health care for the third. Taking into account all three positions, petitioner worked over 60 hours per week during each of the years in issue.

At all times relevant petitioner was a member of a labor union, as was required by each of her employers. Also, at all times relevant, petitioner was required to adhere to each hospital's dress code. Pursuant to the various dress codes, petitioner was required to wear scrubs and closed-toed shoes. The color of the scrubs she was required to wear depended on where she was working.

Her employment as a home health care nurse required her to drive each morning to the hospital to receive her assignments. From the hospital she traveled to her first patient's home, administered the required health care, and then moved on to the next patient's home, and so on, until she had finished with her assignments for the day. Apparently, petitioner maintained a mileage log or logs during the years in issue; however, she did not present them to the Court.

During each year in issue petitioner made cash contributions to the Prince George's Muslim Association, Inc. (PGMA), and the Islamic Society of the Washington Area (ISWA). In 2007 she donated a Ford Windstar to Melwood,[2] and in 2009 she donated a Volkswagen Passat to the Military Order of the Purple Heart (Purple Heart).

---

[2]Respondent concedes that petitioner properly reported the 2007 donation of the Ford Windstar on her 2008 Federal income tax return and that she is entitled to a corresponding $500 charitable contribution deduction for that year. Petitioner concedes that she is not entitled to a deduction greater than $500 for the donation of the Ford Windstar.

Petitioner's 2008 and 2009 Federal income tax returns were prepared by a paid income tax return preparer.  On a Schedule A, Itemized Deductions, attached to each return petitioner claimed unreimbursed employee business expenses totaling $9,143 for 2008, and $12,897 for 2009.  Petitioner's 2008 return shows that the unreimbursed employee business expenses consist of the following:

| Unreimbursed Employee Business Expenses | Amount |
| --- | --- |
| Vehicle | $3,164 |
| Parking fees, tolls, and transportation | 1,221 |
| Union dues | 1,988 |
| Uniform and protective clothing | 975 |
| Job search costs | 1,795 |

Petitioner's 2009 return shows that the unreimbursed employee business expenses consist of vehicle expenses of $6,167, parking fees, tolls, and transportation of $300, and other unidentified expenses.

Also, on the 2008 Schedule A petitioner claimed a $31,037 charitable contribution deduction, consisting of $15,340 in cash contributions and $15,697 in noncash contributions.  On the 2009 Schedule A she claimed a $10,357 charitable contribution deduction, consisting of $6,490 in cash contributions and $3,867 in noncash contributions.

Petitioner also attached to each return a Form 8283, Noncash Charitable Contributions, generally describing the noncash contributions as "CLOTHES,

MISC, ETC", and applying the "thrift shop value" method to determine the fair market value of the donated property. Each entry on the Forms 8283 shows a fair market value exceeding $1,000.

In the notice respondent: (1) disallowed the entire unreimbursed employee business expense deduction claimed on petitioner's 2008 return for failure to substantiate the amount claimed; (2) disallowed all but $540[3] of the unreimbursed employee business expense deduction claimed on petitioner's 2009 return for failure to substantiate the amount claimed; (3) disallowed the cash charitable contribution deduction in full for each year for failure to substantiate the amount claimed; (4) disallowed the entire claimed deduction for noncash charitable contributions for 2008 for failure to substantiate the amount claimed; and (5) allowed a $500 charitable contribution deduction for the donation of the Volkswagen Passat for 2009, but otherwise disallowed for lack of substantiation the noncash charitable contribution deduction claimed for 2009. Other adjustments made in the notice need not be discussed as the adjustments are computational or have no consequence to the deficiencies here in dispute.

---

[3]In the notice respondent allowed a $540 unreimbursed employee business expense deduction for union dues for 2009.

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[4]  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

As a general rule, if a taxpayer provides sufficient evidence that the taxpayer has incurred a trade or business expense contemplated by section 162(a), but the taxpayer is unable to adequately substantiate the amount of the expense, then the Court may estimate the amount of such expense and allow a deduction to that extent.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, in order for the Court to estimate the amount of an expense, there must

---

[4]Petitioner does not claim that the provisions of sec. 7491(a) apply here, and we proceed as though they do not.

be some basis upon which an estimate may be made. <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985). Otherwise, any allowance would amount to unguided largesse. <u>Williams v. United States</u>, 245 F.2d 559, 560 (5th Cir. 1957).

Deductions for expenses attributable to travel, entertainment, gifts, and the use of "listed property" (including passenger automobiles), if otherwise allowable, are subject to strict rules of substantiation. <u>See</u> sec. 274(d); <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827 (1968), <u>aff'd per curiam</u>, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). With respect to deductions for these types of expenses, section 274(d) requires that the taxpayer substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place the expense was incurred; (3) the business purpose of the expense; and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred. For "listed property" expenses, the taxpayer must establish the amount of business use and the amount of total use for such property. <u>See</u> sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record

prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

With these fundamental principles of Federal income taxation in mind, we consider petitioner's claims to the various deductions here in dispute.

## I. Unreimbursed Employee Business Expenses

Petitioner claimed unreimbursed employee business expenses of $9,143 and $12,897 for 2008 and 2009, respectively. Petitioner's 2008 return shows that the unreimbursed employee business expenses consisted of vehicle expenses; parking fees, tolls, and transportation; union dues; uniform and protective clothing; and job search costs. Petitioner's 2009 return shows that the unreimbursed employee business expenses consisted of vehicle expenses; parking fees, tolls, and transportation; and other unidentified expenses.

Generally, a taxpayer may deduct unreimbursed employee expenses as an ordinary and necessary business expense under section 162. Lucas v. Commissioner, 79 T.C. 1, 6 (1982).

A. Vehicle Expenses and Parking Fees, Tolls, and Transportation

Petitioner claimed unreimbursed employee business expense deductions of $4,385 and $6,467 for vehicle expenses and parking fees, tolls, and transportation on her 2008 and 2009 returns, respectively. Petitioner testified that she was required to drive to various locations in order to fulfill her obligations as a home health care nurse, and we accept her testimony that she did. However, her testimony unsupported by the type of substantiation required by section 274 is insufficient to allow her a deduction in any amount. Accordingly, she is not entitled to a deduction for vehicle expenses and parking fees, tolls, and transportation for either year in issue because she did not substantiate the expenses as required by section 274 and its corresponding regulations.

B. Union Dues

Petitioner claimed a $1,988 unreimbursed employee business expense deduction for union dues on her 2008 return. The unreimbursed employee business expense deduction reported on petitioner's 2009 return apparently

includes an unidentified amount for union dues as well.[5]  According to petitioner's testimony, as a condition of her employment the hospitals required her to be a member of a labor union.  She further testified that $45.67 was withheld from her bi-weekly paycheck from one of her employers to pay her union dues during each year in issue.  Based on the evidence presented, we find that petitioner is entitled to a $1,100 deduction for union dues in 2008, and a $560 deduction for union dues in 2009 in excess of the amount already allowed by respondent in the notice.

### C.  Uniform and Protective Clothing

Petitioner claimed a $975 unreimbursed employee business expense deduction for the costs of purchasing and cleaning her hospital uniforms for 2008. The unreimbursed employee business expense deduction reported on petitioner's 2009 return apparently includes an unidentified amount for the costs of purchasing and cleaning her hospital uniforms as well.

According to petitioner, as a condition of her employments she was required to wear varying colors of scrubs while on duty.  The hospitals did not provide uniforms to petitioner, and therefore she was required to purchase multiple sets of scrubs to match the color required by each hospital's dress code.  Petitioner

---

[5]In the notice respondent allowed a $540 unreimbursed employee business expense deduction for union dues for 2009.

testified that she purchased scrubs during the years in issue and that she sometimes had them dry cleaned.

According to respondent, petitioner is not entitled to a deduction for uniform and protective clothing for either year in issue because she has failed to substantiate the amount she claims she spent.

We are satisfied from the evidence presented that petitioner purchased scrubs, and from time to time, paid to have the scrubs dry cleaned during both years in issue. Accordingly, we find that petitioner is entitled to a deduction for uniform and protective clothing of $300 for each year in issue. See Cohan v. Commissioner, 39 F.2d at 544.

D. Job Search Costs

Petitioner claimed a $1,795 unreimbursed employee business expense deduction for job search costs on her 2008 return. Petitioner failed to provide the Court with any explanation as to her claimed job search expense deduction. Furthermore, she did not offer any evidence to substantiate the amount claimed. Accordingly, respondent's disallowance of petitioner's claimed job search expense is sustained.

E.  Other Unidentified Business Expenses for 2009

Petitioner's 2009 return shows that the unreimbursed employee business expenses included other unidentified expenses.  The other unidentified expenses relate to petitioner's employments with the hospitals, but it is unclear what specific costs are included in the deduction.  Although we assume the other unidentified expenses are similar to the types of expenses reported on petitioner's 2008 return, at trial petitioner failed to present any evidence to explain, much less substantiate, the amounts so reported.  Petitioner is not entitled to a deduction for the other unidentified unreimbursed employee business expenses reported on her 2009 return.

II.  Charitable Contribution Deductions

Petitioner claimed a $31,037 charitable contribution deduction on her 2008 return, consisting of $15,340 in cash contributions and $15,697 in noncash contributions.  Petitioner claimed a $10,357 charitable contribution deduction on her 2009 return, consisting of $6,490 in cash contributions and $3,867 in noncash contributions.[6]

---

[6]Respondent now concedes that petitioner is entitled to a $915 deduction for cash contributions for 2008 and a $1,055 deduction for cash contributions for 2009.

According to respondent, petitioner is not entitled to a deduction greater than the amounts already allowed because she failed to substantiate the claimed expenses.

Section 170 allows deductions for contributions made during a taxable year to qualifying organizations. Cash contributions must be substantiated by: (1) canceled checks, (2) receipts from the donee (showing the donee's name and the date and amount of the donation), or (3) other reliable written records. Sec. 1.170A-13(a)(1), Income Tax Regs. In general, a gift of property must be substantiated by a receipt from the donee showing the donee's name, the date and location of the contribution, and a description of the property contributed. Id. para. (b)(1).

Any contribution of $250 or more must also satisfy the requirement of section 1.170A-13(f)(1), Income Tax Regs., which provides that to claim a charitable contribution deduction of $250 or more, the taxpayer must substantiate the contribution with a contemporaneous written acknowledgment from the donee organization. Sec. 170(f)(8).

The contemporaneous written acknowledgment must contain: (1) a description of the amount of cash or a description of any property contributed; (2) a statement as to whether the donee organization provided any goods or services in

consideration for any property contributed; and (3) a description and good-faith estimate of the value of any provided goods or services or if such goods or services consist of intangible religious benefits, a statement to that effect.  See sec. 170(f)(8)(B); sec. 1.170A-13(f)(2), Income Tax Regs.  A written acknowledgment is contemporaneous if it is obtained by the taxpayer on or before the earlier of:  (1) the date the taxpayer files the original return for the taxable year of the contribution; or (2) the due date (including extensions) for filing the original return for the year.  Sec. 170(f)(8)(C); sec. 1.170A-13(f)(3), Income Tax Regs.[7]

If a taxpayer makes a charitable contribution of property other than money in excess of $500, the taxpayer must maintain written records showing the manner of acquisition of the item and the approximate date of the acquisition.  See sec. 1.170A-13(b)(3), Income Tax Regs.

Petitioner testified that she regularly donated money and property during the years in issue and that the noncash property donations included furniture, clothes, and kitchen appliances, among other items.

---

[7]Separate contributions of less than $250 are not subject to the requirements of sec. 170(f)(8), regardless of whether the sum of the contributions made by a taxpayer to a donee organization during a taxable year equals $250 or more.  See sec. 1.170A-13(f)(1), Income Tax Regs.

A.  Cash Charitable Contributions

With respect to the cash charitable contributions, petitioner provided a donation receipt from PGMA purporting to substantiate 10 separate cash donations made in 2008 and a donation receipt from the ISWA purporting to substantiate cash contributions of $2,640 made in 2009.

The PGMA receipt reflects cash charitable contributions that respondent already conceded for 2008 in the supplemental stipulation of facts.  The ISWA receipt shows a $2,600 "expansion donation" made during 2009.  According to petitioner's testimony, that amount reflects multiple contributions, including contributions greater than $250.  The ISWA receipt is undated and fails to identify the dates and amounts of the individual contributions.  We find that the ISWA receipt is not adequate substantiation within the meaning of section 1.170A-13(a)(1), Income Tax Regs., nor is it a contemporaneous written acknowledgment under section 170(f)(8).  Accordingly, petitioner is not entitled to a deduction for cash charitable contributions greater than the amounts respondent has already conceded for 2008 and 2009.

B.  Noncash Charitable Contributions

With respect to the noncash charitable contributions, petitioner attached a Form 8283 to her 2008 and 2009 return, showing several contributions of property

for each year, with each contribution of property valued over $250. To substantiate the contributions, petitioner submitted donation receipts from the Purple Heart, the National Children's Center, the Lupus Foundation of America, Inc., and the Vietnam Veterans of America. Each of the donation receipts is deficient in one way or another, lacking either a date of contribution or a description of the property contributed, or both. Furthermore, the donation receipts neither reconcile with petitioner's Form 8283 nor provide anything more than vague descriptions of the items donated.

Accordingly, we find that for each year in issue, petitioner has failed to establish entitlement to a charitable contribution deduction for donations of property in greater amounts than those now allowed by respondent.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.